UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID EDWARDS,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>VINCENT HU, et al.,<br><br>　　　　　　　Defendants. | No.  2:13-cv-02216 JAM DAD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I. In Forma Pauperis Application**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §
3  1915(b)(2).

4  **II.  Screening Requirement**

5  　　　The court is required to screen complaints brought by prisoners seeking relief against a
6  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
7  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
8  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
9  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

10  　　　A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
12  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
16  Cir. 1989); Franklin, 745 F.2d at 1227.

17  　　　Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
18  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
19  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
20  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
21  However, in order to survive dismissal for failure to state a claim a complaint must contain more
22  than "a formulaic recitation of the elements of a cause of action;" it must contain factual
23  allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550
24  U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
25  allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740
26  (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and
27  resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
28  /////

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant plaintiff leave to file an amended complaint. Below the court will address the deficiencies of plaintiff's complaint and will provide some guidance as to the legal standards governing the claims it appears he is attempting to bring.

**III. Plaintiff's Complaint**

In the complaint now before the court plaintiff alleges as follows. On April 17, 2005, plaintiff arrived at California State Prison - Solano (CSP-Solano) but did not receive a dental exam within two weeks as required by both California law and the decision in Perez v. Tilton.[1] (ECF No. 1 at 6.) In May 2008, plaintiff's left lower molar broke in half. When plaintiff did not receive emergency dental treatment for his broken molar, he filed an inmate appeal on May 11, 2008 in which he requested as relief that he receive a permanent crown or an implant. On February 17, 2009, almost a year after his molar broke, plaintiff finally received dental treatment. At that time plaintiff was given the options of receiving a hard plastic filling, a temporary steel cap or having the tooth extracted. Plaintiff chose the hard plastic filling because the dentist advised him that the temporary steel cap "would not hold." (ECF No. 1 at 6.)

---

[1] In the class action case of Perez v. Tilton, No. C 05-05241 JSW, 2006 WL 2433240 (N.D. Cal. Aug. 21, 2006), the District Court granted a motion to approve an amended stipulation of settlement concerning dental care policies and procedures of the California Department of Corrections and Rehabilitation fashioned to ensure that such policies and procedures were "'designed to meet at least the minimum level of dental care necessary to fulfill Defendants' obligations under the Eighth Amendment of the U.S. Constitution.'" Perez v. Hickman, No. C 05-05241 JSW, 2007 WL 1697320, at *1 (N.D. Cal. June 12, 2007).

In his complaint plaintiff names two defendants at CSP-Solano: defendant Hu, the dental administrator who denied his inmate appeal at the first level of review and defendant McIntyre, the Chief Dentist who partially granted plaintiff's inmate appeal at the second level of review. (Id. at 4, 21 & 24.) Plaintiff alleges that these two defendants were responsible for ensuring that he receive a dental exam upon his arrival at CSP-Solano and every year thereafter. Plaintiff also alleges that defendants Hu and McIntyre "should have known of Plaintiff's need for dental care because of the standards for dental care required by the California Code of Regulations." (Id. at 6.) In addition, plaintiff alleges that the two named defendants had "actual knowledge of Plaintiff's lack of dental care through Plaintiff's filing of the CDC-602." (Id.) Plaintiff asserts that defendants' failure to take any action in his case demonstrates their deliberate indifference to his serious dental care needs and that they are ultimately "responsible for Plaintiff's broken molar." (Id.) In addition, plaintiff contends that defendants Hu and McIntyre are responsible for the delay in his receiving dental treatment for his broken molar and cavities and for failing "to satisfactorily and permanently fix plaintiff's broken molar." (Id. at 7.) Plaintiff claims that as a result, his rights under the Eighth Amendment were violated and he seeks $50,000 in compensatory damages and $150,000 in punitive damages. (Id. at 8.)

**IV. Legal Standard Governing a Claim of Constitutionally Inadequate Dental Care**

The Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under the Eighth Amendment unless the mistreatment rose to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer v. Brennan, 511 U.S. 825, 835 (1994). These standards apply whether the claimed violation relates to physical, medical, dental or mental health needs. See Hunt v. Dental Dept., 865 F.2d 198, 200 (9th Cir. 1989) ("Accordingly, the eighth amendment requires that prisoners be provided with a system of ready access to adequate dental care.") (citing Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982)).

/////

To state a cognizable claim that he received constitutionally inadequate medical or dental care, plaintiff must allege in his complaint facts demonstrating how each named defendant's actions rose to the level of "deliberate indifference" to his serious medical or dental needs. Plaintiff is cautioned that "mere 'indifference,' 'negligence,'or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). See also McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1991) ("A finding that the defendant's neglect was an 'isolated occurrence' or an 'isolated exception,' . . . militates against a finding of deliberate indifference"), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). Likewise, a mere disagreement between plaintiff and defendants as to the proper course of medical or dental care fails to state a cognizable § 1983 claim. See Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff is also advised that a mere "delay in providing a prisoner with dental treatment, standing alone, does not constitute an eighth amendment violation." Hunt, 865 F.2d at 200. Therefore, in any amended complaint he elects to file plaintiff must allege additional facts showing how he was allegedly harmed by any delay in receiving dental treatment. In addition, in an amended complaint plaintiff should allege additional details, such as the circumstances and reasons given for the delay in his dental treatment and how the named defendants were personally involved in the delays with respect to his treatment, if at all.[2]

Plaintiff also suggests in his complaint that the filling of his cracked molar is a temporary measure and that he should have been provided a permanent crown or implant. Plaintiff is advised that, as explained above, a mere difference of opinions between plaintiff and defendants as to the appropriate course of dental care followed in his case fails to state a cognizable § 1983

---

[2] In the written decision issued in response to plaintiff's inmate grievance at the first level of review, it was noted that on May 13, 2008 at his triage appointment, plaintiff was placed on the Priority #2 list to receive treatment within 120-days. (ECF No. 1 at 21.) Plaintiff does not explain in his complaint whether he had additional appointments between the May 13, 2008 triage appointment and February 17, 2009, the date he claims he finally received dental treatment.

1 claim.  If in his amended complaint plaintiff elects to pursue a claim that he should have been
2 provided a permanent crown or implant, he should allege facts explaining why the filling he
3 received constituted constitutionally inadequate dental care and how the providing of that dental
4 treatment rises to the level of an Eighth Amendment violation.

**V.  Naming of Supervisory Defendants**

As noted above, plaintiff alleges in his complaint that defendants Hu and McIntyre were responsible for ensuring that he receive a dental screening when he first arrived at CSP-Solano, as well as yearly dental check-ups thereafter.  Plaintiff alleges that because defendants failed to do so as required by regulations, they are responsible for his broken molar.  In so alleging, it appears that plaintiff is attempting to hold the named defendants responsible for his alleged injury solely because they held supervisorial positions as the Chief Dentist and the Supervising Dentist.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

/////

concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In any amended complaint he elects to file, plaintiff must allege additional facts showing a causal link between the named defendants' alleged actions and the inadequate dental care he claims he received. In this regard, plaintiff should consider alleging facts regarding his dental care history and what he did to alert prison staff about his dental needs. Plaintiff should also allege additional factual allegations addressing whether the named defendants were involved in implementing the procedures governing dental screenings and annual check-ups at CSP-Solano, whether the named defendants denied plaintiff appointments for such screening and care, and whether plaintiff requested such appointments or filed an inmate appeal about his need for a dental screening and/or annual examinations before his molar cracked.

**VI. Requirements for Amended Complaint**

If plaintiff chooses to file an amended complaint, he must allege therein facts demonstrating how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must also allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). As noted above, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey, 673 F.2d at 268.

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any

/////

function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### VII. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's October 23, 2013 request for leave to proceed in forma pauperis (ECF No. 2) is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's complaint filed October 23, 2013 is dismissed;

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice; and

5. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a section 1983 action.

Dated: April 28, 2014

_/s/ Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
edwa2216.14